UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE APPLICATION OF ADVANCED MICRO DEVICES, INC. FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 | 26-MC-475 (AS)<br><br>ORDER |

ARUN SUBRAMANIAN, United States District Judge:

Advanced Micro Devices, Inc. (the "applicant") brings this application pursuant to 28 U.S.C. § 1782 to take discovery from Kidon IP Corp. and David L. Cohen by means of a subpoena. Dkt. 1. Having considered the applicant's submissions, the Court concludes—without prejudice to the timely filing of a motion to quash the subpoena and, in the event such a motion is filed, subject to reconsideration—that Section 1782's statutory requirements are met and that the so-called *Intel* factors favor granting the application. *See, e.g.*, *Mees v. Buiter*, 793 F.3d 291, 298 (2d Cir. 2015) (citing *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264–65 (2004)).

Accordingly, the application is GRANTED without prejudice to any objection that Kidon IP Corp. or Cohen may raise, including that the motion does not meet the requirements of § 1782. Before serving the subpoena on the entities as to which the application has been granted, applicant shall provide actual notice and courtesy copies of the subpoena, application, and supporting documents to the party or parties against whom the requested discovery is likely to be used through any such party's counsel, or if the identity of such party's counsel is unknown, on that party directly. *See In re Application of Sarrio, S.A.*, 119 F.3d 143, 148 (2d Cir. 1997) ("[T]he ultimate targets of a § 1782 discovery order issued to third parties have standing to challenge the district court's power to issue a subpoena under the terms of an authorizing statute." (cleaned up)).

Any further proceedings shall be governed by the Federal Rules of Civil Procedure, the Court's Local Rules, and the Court's Individual Rules and Practices in Civil Cases. If the parties

believe that a protective order is appropriate or necessary, they shall file a joint proposed protective order on ECF. In the event of any dispute concerning the subpoena or any proposed protective order, the parties shall meet and confer before raising the dispute with the Court.

The Clerk of Court is respectfully directed to terminate the motion at Dkt. 1 and to close the case.

SO ORDERED.

Dated: October 6, 2026
New York, New York

ARUN SUBRAMANIAN
United States District Judge