**THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re Application of Advanced Micro Devices, Inc. for an Order Pursuant to 28 U.S.C. § 1782 | Misc. Case No. 1:26-mc-475 |

# PROTECTIVE ORDER

JENNIFER L. ROCHON, U.S.D.J.

The parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for issuance of an appropriately tailored confidentiality order governing discovery in this action, it is therefore hereby:

**ORDERED** that any person subject to this Order—including without limitation the parties to this action, their representatives, agents, experts, consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order—shall adhere to the following terms, upon pain of contempt:

Definitions. As used in this Order, "this action" means the above-captioned proceeding under 28 U.S.C. § 1782, and the "Foreign Proceeding" means Case No. 7 O 5842/26 pending before the Regional Court of Munich I (Landgericht München I), Federal Republic of Germany, including any appeals therefrom.

1. Any person subject to this Order who receives from any other person any "Discovery Material" (i.e., information of any kind provided in discovery in this action) that is designated as "Confidential" or "Highly Confidential—Attorneys' Eyes Only" pursuant to the terms of this Order shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

   a. Confidential Discovery Material, including material designated "Highly Confidential—Attorneys' Eyes Only," shall be used solely for purposes of this action and the Foreign Proceeding, and for no other purpose whatsoever, including without limitation any other litigation or proceeding in any jurisdiction, any patent acquisition, licensing, or prosecution activity, or any business or competitive purpose.

2. The person producing any given Discovery Material may designate as Confidential only such portion of such material as consists of:

   a. previously nondisclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, and sale margins);

b. previously nondisclosed material relating to ownership or control of any non-public company;

c. previously nondisclosed business plans, product development information, or marketing plans;

d. any information of a personal or intimate nature regarding any individual; or

e. any other category of information hereinafter given confidential status by the Court.

3. With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" by stamping or otherwise clearly marking as "Confidential" the protected portion in a manner that will not interfere with legibility or audibility, and by also producing for future public use another copy of said Discovery Material with the confidential information redacted. With respect to deposition transcripts and exhibits, a producing person or that person's counsel may indicate on the record that a question calls for Confidential information, in which case the transcript of the designated testimony shall be bound in a separate volume and marked

"Confidential Information Governed by Protective Order" by the reporter.

4. If at any time prior to the final disposition of the Foreign Proceeding, a producing person realizes that some portion(s) of Discovery Material that that person previously produced without limitation should be designated as Confidential or Highly Confidential—Attorneys' Eyes Only, he or she may so designate by so apprising all parties in writing, and such designated portion(s) of the Discovery Material will thereafter be treated as so designated under the terms of this Order.

5. No person subject to this Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Confidential to any other person whomsoever, except to:

   a. the parties to this action;

   b. counsel retained specifically for this action or the Foreign Proceeding, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

   c. as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

   d. any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided

such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

e. any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action or the Foreign Proceeding, who is not a current employee of a party or its affiliates, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto and the procedures of Paragraph 8 have been followed;

f. stenographers engaged to transcribe depositions conducted in this action; and

g. the Court and its support personnel; and

h. the court in the Foreign Proceeding and its personnel, subject to Paragraph 7.

6. Highly Confidential – Attorneys' Eyes Only. The producing person may designate as "Highly Confidential—Attorneys' Eyes Only" any Discovery Material within Paragraph 2(a) or 2(b) whose disclosure to a party would create a substantial risk of competitive or commercial harm. Material so designated shall be marked in the manner described in Paragraph 3 and may be disclosed only to the persons described in

Paragraphs 5(b), 5(c), 5(e), 5(f), 5(g), and 5(h) and, subject to and only to the extent permitted by Paragraph 7(e), to a Party Representative as defined therein. For purposes of this Paragraph, "counsel" in Paragraph 5(b) means outside counsel only and does not include any in-house counsel, officer, director, or employee of a party or its affiliates.

7. Use in the Foreign Proceeding.

a. General. A party may submit Confidential Discovery Material, including material designated "Highly Confidential—Attorneys' Eyes Only," to the court in the Foreign Proceeding only together with the requests set out in paragraph (b). These requests shall seek to restrict access to such material to persons authorized under this Order and to exclude it from any inspection by third parties.

b. German national courts. The submission shall be accompanied by a request under Section 145a of the German Patent Act (Patentgesetz) in conjunction with Sections 16 and 19 of the German Act on the Protection of Trade Secrets (Gesetz zum Schutz von Geschäftsgeheimnissen, "GeschGehG"). The request shall seek that the material be classified as confidential, that access to it be restricted to persons authorized under this Order,

and that it be excluded from any third-party inspection of the court file.

c. Hearings. A party that intends to refer to such material at any hearing in the Foreign Proceeding shall request that the hearing be closed to the public and to persons not authorized under this Order for the portions in which the material is discussed. This includes a request under Section 19(2) GeschGehG and Section 172 No. 2 Courts Constitution Act (Gerichtsverfassungsgesetz, "GVG").

d. Third-party access. A party that learns of any attempt by a third party to obtain access to such material through the Foreign Proceeding shall promptly notify the producing person and shall object to such access. Such attempts include a request for inspection of the court file before a German national court.

e. Party Representatives. Where the rules applicable in the Foreign Proceeding require that access to Confidential Discovery Material, including material designated "Highly Confidential—Attorneys' Eyes Only," be granted to a natural person of a party, such as an employee or in-house counsel (a "Party Representative"), the receiving party shall propose no more Party

Representatives than those rules require and shall identify each Party Representative to the producing person in writing before access is granted. A Party Representative to whom the court in the Foreign Proceeding grants access shall be a person authorized under this Order and need not execute a Non-Disclosure Agreement, as such person will be bound by the confidentiality obligations ordered by that court, including under Sections 16 to 19 GeschGehG. The receiving party shall ensure that its Party Representatives use such material solely for purposes of the Foreign Proceeding.

f. Private experts. A party may propose a person described in Paragraph 5(e) for access in the Foreign Proceeding only after, as to material designated "Highly Confidential—Attorneys' Eyes Only," the procedure of Paragraph 8 has been completed without objection or any objection has been resolved. A person described in Paragraph 5(e) to whom the court in the Foreign Proceeding grants access shall be a person authorized under this Order and need not execute a Non-Disclosure Agreement, as such person will be bound by the confidentiality obligations ordered by that court, including under Sections 16 to 19 GeschGehG. The

receiving party shall ensure that its person described in Paragraph 5(e) use such material solely for purposes of the Foreign Proceeding.

8. Disclosure to Experts. Before disclosing material designated "Highly Confidential—Attorneys' Eyes Only" to any person described in Paragraph 5(e), the receiving party shall provide the producing person with written notice identifying the person, his or her current employer and title, a current curriculum vitae, and all persons or entities for whom the person has worked or consulted during the preceding five years. The producing person may object in writing within ten (10) business days, and no disclosure shall be made to that person until the objection is resolved by agreement or by the Court.

9. Third-Party Confidential Information. Where Discovery Material contains confidential information of a non-party that is subject to an agreement restricting its disclosure, the producing person may provide such non-party with a copy of this Order and notice of the request, and the non-party may designate such material under this Order and seek further protection from this Court within ten (10) business days of such notice. A producing person may not be compelled to produce such

material before the expiration of that period or, if the non-party timely seeks protection, before the Court rules.

10. All Confidential Discovery Material, including material designated "Highly Confidential—Attorneys' Eyes Only," filed with the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose such Confidential Discovery Material, shall be filed under seal and kept under seal until further order of the Court. The parties will use their best efforts to minimize such sealing. In any event, any party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing system, that redacts only the Confidential Discovery Material itself, and not text that in no material way reveals the Confidential Discovery Material.

11. Any party who objects to any designation of confidentiality, may at any time prior to the final disposition of the Foreign Proceeding serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection. If agreement cannot be reached promptly, counsel for all affected persons will address their dispute to this Court in accordance with Paragraph 5 of this Court's

Individual Practices in Civil Cases. The challenged material shall continue to be treated as designated until the Court rules.

12. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial, even if such material has previously been sealed or designated as Confidential. The Court also retains unfettered discretion whether to afford confidential treatment to any Confidential Document or information contained in any Confidential Document submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.

13. Each person who has access to Discovery Material that has been designated as Confidential or "Highly Confidential—Attorneys' Eyes Only" shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material. If a receiving party learns that such material has been disclosed to any person or in any circumstance not authorized by this Order, it shall immediately notify the producing person in writing of all pertinent facts, use its best efforts to retrieve the material, inform the recipient of the terms of this Order, and request that the recipient execute the Non-Disclosure Agreement.

14. If, in connection with this litigation, a party inadvertently discloses information subject to a claim of attorney-client privilege or attorney-work-product protection ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

15. If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall not thereafter review the Inadvertently Disclosed Information for any purpose, except by order of the Court. The receiving party shall, within five business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed.

16. Within five business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing party shall produce a privilege log with respect to the Inadvertently Disclosed Information.

17. As with any information redacted or withheld, the receiving party may seek an order from the Court compelling production of the Inadvertently Disclosed Information. The receiving party should follow

the procedures in Paragraph 5 of the Court's Individual Practices in Civil Cases and shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production.

18. The disclosing party retains the burden of establishing the privileged or protected nature of any Information. Nothing in this Order shall limit the right of any party to request an in camera review of the Inadvertently Disclosed Information.

19. Subpoenas and Orders in Other Proceedings. If a receiving party is served with a subpoena, discovery request, or order issued in any other litigation or proceeding, including any proceeding in the United States, that seeks or compels disclosure of Confidential Discovery Material, including material designated "Highly Confidential—Attorneys' Eyes Only," it shall promptly notify the producing person in writing and provide a copy of the subpoena, request, or order; notify the requesting party that the material is subject to this Order; object to production; and cooperate with the producing person in seeking protection. The receiving party shall not produce such material before the court from which the subpoena or order issued has ruled on any timely request for protection, unless the producing person consents in writing.

20. This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of the Foreign Proceeding, including all appeals, or of this action if no Foreign Proceeding remains pending, all Discovery Material designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only," and all copies thereof, shall be promptly returned to the producing person, or, upon permission of the producing person, destroyed.

21. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO STIPULATED AND AGREED.

Date: November 3, 2026

*<u>/s/ Elisha Barron</u>*
Elisha Barron
**SUSMAN GODFREY LLP**
One Manhattan West New
York, NY 10001
Phone: (212) 336-8330
ebarron@susmangodfrey.com

Shawn Blackburn (*pro hac vice* application *pending*)
**SUSMAN GODFREY LLP**
1000 Louisiana, Suite 5100
Houston, TX 77002
Phone: (713) 651-9366
sblackburn@susmangodfrey.com

**COUNSEL FOR KIDON IP CORPORATION AND DAVID L. COHEN**

Respectfully submitted,

*<u>/s/ Brian E. Ferguson</u>*
Brian E. Ferguson
**KING & SPALDING LLP**
1700 Pennsylvania Avenue, NW
Washington, DC 20006
Phone: (202) 737-0500
bferguson@kslaw.com

**COUNSEL FOR ADVANCED MICRO DEVICES, INC.**

Dated: November 5, 2026
New York, New York

SO ORDERED.

Jennifer Rochon
JENNIFER L. ROCHON, U.S.D.J.